**JIAN BELL GAO, a.k.a. Jin Biao Gao, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–3161–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Thomas B. Fatouros, Anh–Thu P. Mai–Windle, Senior Litigation

---

eral Michael B. Mukasey as the respondent in this case. Fed. R.App. P. 43(c)(2).

Counsel, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Bell Gao, a native and citizen of the People's Republic of China, seeks review of the June 12, 2008 order of the BIA denying his motion to reopen. *In re Jian Bell Gao,* No. A072 763 841 (B.I.A. June 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Azmond Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

Gao argues that the BIA erred by relying on its precedential decisions to summarily conclude that he failed to demonstrate materially changed country conditions sufficient to excuse the time and numerical limitations on filing his motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii). However, these arguments fail, as we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution.

*See Jian Hui Shao,* 546 F.3d at 171 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). In addition, we find that there were no translation errors of sufficient importance in a U.S. State Department report cited in the BIA's recent published decisions to undermine the BIA's conclusions in this case. Accordingly, we will not disturb the agency's decision.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).